1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                          **DISTRICT OF NEVADA**
9

| | |
|---|---|
| 10  KAMILA PASINA, as Special Administrator ) | |
|     for the Estate of FATU TAPUTU, Real Party ) | |
| 11  in Interest, CHRISTOPHER RAMIREZ,    )  | 2:08-cv-1199-RCJ-RJJ |
|                                          )  | |
| 12              *Plaintiffs*,            )  | |
|                                          )  | |
| 13          v.                           )  | |
|                                          )  | **ORDER** |
| 14  CALIFORNIA  CASUALTY  INDEMNITY )       | |
|     EXCHANGE; DOES I through V; and ROE )   | |
| 15  CORPORATIONS VI through X, inclusive, ) | |
|                                          )  | |
| 16              *Defendants*.            )  | |
|     _____)  | |

17

18                          **INTRODUCTION.**

19   Before the Court is Plaintiffs' Motion for Remand pursuant to 28 U.S.C. § 1446 (#6);

20 Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (#9); and

21 Plaintiffs' Countermotion for Rule 11 Sanctions pursuant to Federal Rule of Civil Procedure 11 (#11).

22 The Court has considered Plaintiff's Motion and the pleadings on file on behalf of all the parties.  IT

23 IS HEREBY ORDERED that Plaintiffs' Motion for Remand is *denied* (#6); Defendant's Motion to

24 Dismiss is *denied in party* and *granted in party without prejudice* (#9), and Plaintiffs' Countermotion

25 for Rule 11 Sanctions is *denied* (#11).

**BACKGROUND.**

Plaintiffs Christopher Ramirez and Kamila Pasina as the Special Administrator of the Estate of Fatu Taputu brought a claim against Defendant California Casualty Indemnity Exchange for breach of contract, insurance bad faith, and other theories of recovery for the manner in which Defendant handled a claim for personal injuries stemming from an automobile accident which occurred on June 21, 2004. Tricia Maldonado, who had a personal liability policy with Defendant insurance company, gave Plaintiff Christopher Ramirez permission to drive her car. While driving her car, he struck Fatu Tatupu as he was walking on the side of the road. Tatupu suffered fatal injuries and his heirs submitted a claim under the liability portions of Defendant's policy for the vehicle.

Pasina, on behalf of Tatupu's estate, submitted a claim with the Defendant and also filed against Ramirez for negligence, and against Tricia Maldonado for negligent entrustment. The case against Ramirez was resolved in a stipulated judgment for $1.2 million, not involving Defendant. The case against Maldonado was resolved by a jury trial in which the jury found in favor of Maldonado. Ramirez pled guilty when criminal charges were brought against him for driving under the influence and or being under control of a vehicle resulting in substantial bodily harm. He is currently serving time in a Nevada correctional facility.

Plaintiffs brought a complaint against Defendant on June 24, 2008 and Defendant filed for removal on September 11, 2008. Plaintiffs seek a private right of action against Defendant. Their suit alleges breach of contract, breach of implied covenant of good faith and fair dealing, or breach of fiduciary duty. Defendant contests their standing to bring the suit and argues that the lack of contractual duty between the Plaintiffs and Defendant results in a lack of standing to sue on these claims.

**DISCUSSION.**

**A.     Plaintiffs' Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446.**

Parties seeking to remove a case from state court to federal court must abide by the standards set forth in 28 U.S.C. § 1446.  The Code requires that

> notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is brought.

28 U.S.C. § 1446.  Nevada Revised Statute provides a specific method for servicing certain insurers.  Nevada Revised Statutes Annotated § 680A.250 (2008) states that

> Before the commissioner may authorize it to transact insurance in this state, each insurer must appoint the commissioner . . . as its attorney to receive service of legal process issued against the insurer in this state. . . .  Service of such process against a foreign or alien insurer must be made **only** by service thereof upon the commissioner.

*Id.* § 680A.250(1), (3) (emphasis added).  Nevada Revised Statutes Annotated § 680A.260 (2008) explains how that service must be completed: "by delivering to and leaving with the commissioner . . . two copies of the process."  *Id.*  The Nevada Supreme Court has held that a claimant is precluded from accomplishing service of process on a foreign insurer in any manner other than servicing the commissioner.  *Transamerica Ins. Co. v. C.B. Concrete Co.*, 99 Nev. 677, 679 (Nev. 1983).

In this case, Plaintiffs filed a Complaint against Defendant in the District Court for Clark County, Nevada, under Case No. A565956.  They faxed a copy of the complaint as service of process to Defendant's Counsel on June 26, 2008.  Two months later, Plaintiffs provided the Commissioner with a copy of the complaint on August 26, 2008.  On September 10, 2008, Defendant filed its notice of removal, 46 days after Plaintiffs had filed their complaint in the District Court for Clark County, but 15 days after the Commissioner received service of the Complaint.

The parties dispute whether or not service by fax to Defendant's Counsel met the standard of notice of removal under 28 U.S.C. § 1446 and started the countdown to thirty days to file for removal. Plaintiffs bring this Motion to Remand based on the argument that it was informed that Counsel was

1  acting for Defendant in this matter.  Plaintiffs contend that "whether counsel was authorized to accept
2  service or not is irrelevant" because he was representing Defendant in this matter and therefore was
3  the only ethically responsible person to service.  Defendant's Counsel denies receiving the fax and
4  makes it clear that he is not a designated representative of the insurance company and is not
5  authorized to receive pleadings.  As indicated in Plaintiffs' Motion and Reply brief, they have chosen
6  to completely disregard N.R.S. § 680A.250 which mandates service on the commissioner by merit
7  of Defendant's foreign (California) insurance company status.  Accordingly, Plaintiffs' Motion to
8  Remand is *denied*.

9  **B.    Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).**
10

11  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if
12  the plaintiff "fail[s] to state a claim upon which relief can be granted."  Dismissal for failure to state
13  a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of
14  facts in support of the claim that would entitle the plaintiff to relief.  *Williamson v. Gen. Dynamics*
15  *Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).  The review is limited to the complaint, and all
16  allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff.
17  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996).  Although courts assume the factual
18  allegations to be true, courts should not "assume the truth of legal conclusions merely because they
19  are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
20  1981).

21  On a motion to dismiss, the court "presumes that general allegations embrace those specific
22  facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889
23  (1990).  The Ninth Circuit holds that a motion to dismiss for failure to state claims under Rule
24  12(b)(6) lies where the complaint reveals on its face that plaintiffs lack standing.  *Sacks v. Office of*
25

*Foreign Assets Control*, 366 F.3d 764, 771 (9th Cir. 2006); *DeSaracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000).

### 1. Plaintiff Ramirez Has Standing to Sue for Bad Faith.

Plaintiff Ramirez has standing to sue for bad faith due to his contractual relationship with Defendant California Casualty. As the parties in this case failed to provide the Court with a copy of their contractual agreement, the Court operates under the standards set forth in Nevada Revised Statute 485.3091(1)(b). In relevant part, the statute states that motor vehicle insurance policies cover "the person named therein and any other person, as insured, using any such motor vehicle with the express or implied permission of the named insured, against loss from the liability . . . for damages arising out of the ownership, maintenance or use." Plaintiff Ramirez operated the vehicle with the express permission of the named insured and accordingly has a contractual relationship with California Casualty sufficient to support a claim for bad faith and breach of fiduciary duty. He brings this bad faith claim against Defendant because it did not protect him from the Estate's claim against him for causing serious injury and death of Taputu.

Defendant argues the relevance and precedent of the Nevada Supreme Court's holding in *United Fire Insurance Company v. McClellan*, 780 P.2d 193 (Nev. 1989). In that case, the Nevada Supreme Court denied a wife's bad faith claims because it was not based on the insurance company's denial of her own benefits, but on her husband's who was in dispute with the insurance company about its responsibility for coverage of his health benefits. *Id.* That case has little bearing on the instant case and its holding was distinguished by the court in *Hatchwell v. Blue Shield of California*, 198 Cal. App. 3d 1027, 244 Cal. Rptr. 249 (Cal. Ct. App. 1988). The court there distinguished between a non-contracting party's bad faith claim when her benefits are in dispute and when such a party attempts to bring a bad faith claim on behalf of someone else's benefits. *Id.* at 253. It held that a non-party has standing only when it is her own benefits that are in dispute. *Id.* Clearly this would be the case in the instant matter before the Court.

The most significant decision on point with its ruling is *Bergerud v. Progressive Casualty Insurance*. 453 F. Supp. 2d 1241 (D. Nev. 2006). In that case, the son of the insured was in a vehicular accident and filed a claim with the defendant insurance carrier. *Id.* The court discussed that "Nevada has not addressed whether a non-contracting party who falls within a policy's definition of an "insured" and who claims benefits for himself under that policy has a contractual relationship with the insurer giving rise to the implied covenant of good faith and fair dealing." *Id.* at 1246. According, the court held that the covenant of good faith and fair dealing should be extended to a non-named party who is defined by the policy as "insured." *Id.* at 1249. This relationship rises to the level of contract and will support a claim for bad faith and breach of fiduciary duty. Also, due to the contractual relationship, plaintiff was considered to be a first-party claimant.

Given the absence of the parties' contractual agreement in this case, and the precedent in the District of Nevada, this Court applies the *Bergerud* reasoning to the guidelines of the statute and finds that Plaintiff Ramirez qualifies as an "insured" permissive user and accordingly enjoys the rights of a contractual party with Defendant, which allows for a claim for bad faith in the instant case. Accordingly, the Defendant's Motion to Dismiss is *denied* as to Plaintiff Ramirez.

**2.      Plaintiff Estate Does Not Have Standing to Sue for Bad Faith.**

It is established in Nevada that an action for declaratory judgment against defendant's insurance company regarding insurance coverage cannot be brought before obtaining a judgment against the defendant. *See Hunt v. State Farm Mutual Auto. Ins.* Co., 655 F. Supp. 284 (D. Nev. 1987); *Knittle v. Progressive Casualty Ins.*, 112 Nev. 8, 908 P.2d 724 (Nev. 1996). A judgment has been issued in this case. The question of Plaintiff Estate's standing relies upon it having received standing in this matter, either by assignment or execution by an insured. It has failed to do so.

Plaintiff argues that the right to bring a suit upon judgment being entered against the tortfeasor can be read in between the lines of rulings indicating that a judgment must be entered prior to pursing an action against defendant insurance company. (#11 at 7). However, a judgment does not confer

standing by itself. For Plaintiffs, it is the simple matter of timing of the suit—a third-party tort claimant must wait until after the judgment against the tortfeasor has been obtained, and then he or she has the proper standing to bring suit, without analysis of the requisite relationship between the parties. The Nevada Supreme Court held that a plaintiff's right to bring a third-party tort claim against an insurance company was "contingent on her successful litigation of a pending tort suit." *Knittle v. Progressive Casualty Ins. Co.*, 908 P.2d 724 (Nev. 1996). Plaintiffs point to this holding as a parallel to the Estate's position in this case, that once the judgment was obtained against Ramirez, the Estate has proper standing.

Defendant correctly points out that without proper assignment of rights, Nevada does not recognize a right of action by a third-party claimant against an insurance company for bad faith. *See Hall v. Enterprise Leasing Co. W.*, 137 P.3d 1104 (Nev. 2006). Defendant also cites to *Tweet v. Webster* and *Hunt v. State Farm Insurance* to support its claim. In *Tweet v. Webster*, the District Court of Nevada held that third-party claimants do not have a remedy against insurers under tort theory for refusal to settle a reasonably clear claim. 610 F. Supp. 104 (D. Nev. 1985). Subsequently, in *Hunt v. State Farm Insurance*, the court stated that "Nevada does not recognize a right of action on the part of a third party claimant against an insurance company for bad faith refusal to settle." 655 F. Supp. 284 (D. Nev. 1987) (citing to *Tweet v. Webster*).

The court in *Hall v. Enterprise Leasing* evaluated whether "statutory liability coverage provided by the short-term lessor of a motor vehicle is implicated when a plaintiff accepts a formal offer of judgment in the amount of other primary liability coverage available to the short term lessee." 137 P.3d at 1105. The Nevada Supreme Court examined the applicability and interplay between N.R.C.P. 68 (offer of judgment) in the statutory requirements of N.R.S. 482.295 and 482.305. *Id.* The court held that a lessor's obligation is conditioned solely upon the legal liability of the lessee to the injured party for damages. *Id.* In that case, plaintiff Hall was injured by the driver of a rental car. He brought suit against the driver, Ono, and the leasing company, Enterprise. Hall dismissed the

1 action against Enterprise at some point without prejudice and accepted an offer of judgement from
2 Ono's personal insurance carrier. Later, he filed another suit against Enterprise to cover his remaining
3 medical costs. The Supreme Court on appeal determined that Hall's acceptance of Ono's judgment
4 "offer barred the second action because it extinguished Ono's legal liability to Hall, thus ending any
5 obligation Enterprise had to pay Hall third-party benefits on Ono's behalf." *Id.* at 1106. The court
6 held that the leasing company's obligation to pay was conditioned on the *legal liability* of the driver
7 to a third party for damages. *Id.* at 1109.

8   Accordingly, Defendant's Motion to Dismiss is *granted without prejudice* as to Plaintiff
9 Estate. Plaintiff Estate failed to make a showing that it received assignment or that it has been
10 executed and obtained an insured's right. Plaintiff has sixty (60) days to provide evidence that it has
11 received an assignment or the execution of an insured's right.

12   **C.   Plaintiffs' Countermotion for Rule 11 Sanctions.**

13   Plaintiffs fail to satisfy the requirements for Rule 11 Sanctions in their Motion because they
14 do not allege specific conduct for which Defendant should be held in violation of the Rule. Rule 11
15 requires that a pleading or written motion not be presented for any "improper purpose" and that the
16 "claims, defenses, and other legal contentions therein are warranted by existing law" and that
17 "allegations and other factual contentions have evidentiary support or . . . are likely to have [it] after
18 a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(1)(A). Plaintiffs
19 allege that Defendant's Counsel refused to acknowledge that Ramirez is a named insured under
20 N.R.S. 485.3091(2)(b) and that Counsel incorrectly relies on the caselaw he cites. These abbreviated
21 allegations at the end of an 18-page complaint do not meet the Rule 11 requirements and according
22 the Motion for Sanctions should be *denied*.

23   **CONCLUSION.**

24   IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand should be *denied* (#6),
25 Defendant's Motion to Dismiss should be *denied in part* as to Plaintiff Ramirez and *granted in part*

as to Plaintiff Estate (#9), and Plaintiffs' Countermotion for Rule 11 Sanctions should be *denied* (#11).  Plaintiff Estate failed to make a showing that it received assignment or that it has been executed and obtained an insured's right.  Plaintiff has sixty (60) days to provide evidence that it has received an assignment or the execution of an insured's right.

DATED: November 26, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(nk)