**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CINDY CHARYULU, as Special Administratix for the Estate of FATU TAPUTU,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA CASUALTY INDEMNITY EXCHANGE, and DOES I through V, inclusive, ROE CORPORATIONS I through V,<br><br>   Defendants. | 2:08-cv-1199-RCJ-RJJ<br><br>**ORDER** |

Currently before the Court are Plaintiff's Motion for Attorney Fees and Costs (#187); Defendant's Motion for Attorney's Fees and Costs (#252); Plaintiff's Motion for Judgment Notwithstanding the Verdict (#261); Plaintiff's Motion for a New Trial (#262); and Defendant's Motion to Interplead Funds and Motion for $15,000 Offset Against Costs Owed to CCIE by Plaintiff (#264). The Court heard oral argument on June 3, 2011.

**BACKGROUND**

Christopher Ramirez and Kamila Pasina, as the Special Administrator of the Estate of Fatu Taputu, brought a claim against Defendant California Casualty Indemnity Exchange for breach of contract, insurance bad faith, and other theories of recovery for the manner in which Defendant handled a claim for personal injuries stemming from an automobile accident which occurred on June 21, 2004. Tricia Maldonado, who had a personal liability policy with Defendant insurance company, gave Christopher Ramirez permission to drive her car. While driving her car, he struck Fatu Tatupu as he was walking on the side of the road. Tatupu

suffered fatal injuries and his heirs submitted a claim under the liability portions of Defendant's policy for the vehicle. Pasina, on behalf of Taputu's estate, submitted a claim with the Defendant and also filed against Ramirez for negligence, and against Tricia Maldonado for negligent entrustment. The case against Ramirez was resolved in a stipulated judgment for $1.2 million, not involving Defendant. The case against Maldonado was resolved by a jury trial in which the jury found in favor of Maldonado. Ramirez pled guilty when criminal charges were brought against him for driving under the influence and or being under control of a vehicle resulting in substantial bodily harm. The Court dismissed Ramirez from the lawsuit.

On September 17, 2010, the Court granted Plaintiff's motion to amend caption and change the Special Administrator of the Estate of Fatu Taputu to Cindy Charyulu ("Plaintiff"). (Minutes (#186); Motion to Amend Caption (#148)). A five-day jury trial commenced on November 5, 2010. (*See* Minutes (#237)). The jury found in favor of Defendant. (*See* Jury Verdict (#246)).

**DISCUSSION**

**I.    Plaintiff's Motion for Attorney Fees and Costs Incurred (#187)**

Plaintiff files a motion, pursuant to 28 U.S.C. § 1927, for attorneys fees and costs incurred in opposing Defendant's Renewed Motion for Summary Judgment (#137), Countermotion to Dismiss (#153), Motion for Sanctions (#154), Motion to Deem Assignment Invalid (#159), and Renewed Motion to Disqualify David Sampson, Esq. (#175). (Mot. for Att'y Fees (#187) at 1-2). Plaintiff argues that she should get fees for responding to Defendant's Renewed Motion for Summary Judgment (#137) because it was the fourth motion for summary judgment filed in this case. (*Id.* at 3). She seeks $8,837.50 in fees for that motion. (*See id.* at 4). She seeks $10,512.50 in fees for responding to Defendant's Countermotion to Dismiss (#153) and Motion for Sanctions (#154) because Defendant filed three motions to dismiss. (*Id.* at 4-5). She seeks $5387.50 in fees for responding to Defendant's Motion to Deem Assignment Invalid (#159) because Defendant "elected to collaterally attack" the assignment instead of accepting the Court's ruling on the assignment's validity. (*Id.* at 5). She seeks $4275 in fees for responding to Defendant's Renewed Motion to Disqualify David Sampson,

Case 2:08-cv-01199-RCJ-RJJ   Document 284   Filed 07/05/11   Page 3 of 13

Esq. (#175) because Defendant filed the motion instead of accepting the Court's ruling. (*Id.* at 6).

In response, Defendant argues that its motions for summary judgment were not duplicative. (Resp. to Mot. for Att'y Fees (#194) at 4-6). Defendant asserts that the motions to dismiss were not duplicative and that Plaintiff failed to offer an argument as to why she was entitled to fees for its motion for sanctions (#154). (*Id.* at 6-7). Defendant contends that its motion to deem the assignment invalid was not duplicative of an earlier motion. (*Id.* at 7). Defendant argues that most of these motions were filed after depositions. (*Id.* at 2). Defendant contends that its motions to disqualify were not identical and that the renewed motion was filed after depositions. (*Id.* at 8).

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under this section "must be supported by a finding of subjective bad faith." *In re Keegan Mgmt., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

In this case, the Court denies the motion for attorneys' fees and costs for responding to various motions. First, Plaintiff fails to make an argument as to why she should receive fees for responding to the Motion for Sanctions (#154). (*See* Mot. for Att'y Fees (#187) at 4-5). Second, although Defendant filed multiple summary judgments, each sought summary judgment on different issues, including bad faith, punitive damages, and validity of an October 7, 2009 assignment. (*See* Mot. for Summ. J. (#57); Mot. for Partial Summ. J. (#87); Mot. for Summ. J. (#159)). Additionally, Defendant's renewed motion for summary judgment (#137) sought reconsideration of the Court's prior ruling based on a then-recently decided federal Nevada case. (*See* Renewed Mot. for Summ. J. (#137) at 1-2). Third, although Defendant filed multiple motions to dismiss, each sought dismissal on a different ground, including lack

3

of standing for Christopher Ramirez and Kamilla Pasina as third party beneficiaries, lack of standing for Pasina for failure to demonstrate a valid assignment of rights, and attorney fraud. (*See* Mot. to Dismiss (#9) at 5, 8; Mot. to Dismiss (#27) at 1; Counter Motion to Dismiss (#153) at 11). Finally, the two motions to disqualify Plaintiff's counsel were different because the latter motion was based on evidence acquired after depositions were conducted. (*See* Renewed Mot. to Disqualify (#175) at 3-4). Accordingly, the Defendant did not act in bad faith and the Court denies the motion for attorneys' fees and costs (#187).

## II. Defendant's Motion for Attorneys' Fees and Costs (#252)

Defendant moves for $548,486 in attorneys' fees and $25,857.19 in costs as the prevailing party in this action. (Mot. for Att'y Fees (#252) at 1, 3). Specifically, Defendant seeks costs as the prevailing party under Fed. R. Civ. P. 54(d)(1) and NRS § 18.020. (*Id.* at 4). Defendant seeks costs and attorneys' fees under Fed. R. Civ. P. 68 and NRS § 17.115 because Plaintiff failed to recover more than Defendant's tendered offer of judgment. (*Id.* at 5). Defendant also seeks attorneys' fees under NRS § 18.010 because Plaintiff brought claims without reasonable grounds, in bad faith, to harass Defendant. (*Id.* at 7-13). Defendant seeks fees and costs under 28 U.S.C. § 1927 and under this Court's inherent authority. (*Id.* at 13, 15). Defendant argues that any award of attorneys' fees and costs should also be imputed to University Medical Center ("UMC") because Plaintiff's counsel and UMC arranged to have Charyulu of UMC substituted as the Special Administratix of the Estate. (*Id.* at 17). In support of its motion, Defendant attaches a Bill of Costs, Witness Fees, a Memorandum of Costs, an Expense Report, and Time Detail Reports. (*See* Exhs. C-D (#252-3, 252-4)).

In response, Plaintiff argues that she was the prevailing party because this Court granted her motion for a directed verdict on the breach of contract claim. (Opp'n to Att'y Fees (#259) at 3). She asserts that Defendant prevailed on the bad faith claim while she prevailed on the breach of contract claim in which Defendant agreed to pay the $15,000 policy limit and, thus, costs are not warranted. (*Id.* at 4). Alternatively, she argues that if costs are awarded, they should be reasonable and supported by necessary documentation. (*Id.*). She asserts that Defendant "provided no such documentation and simply listed the alleged costs out in a cost

memo." (*Id.*). She asserts that Defendant needs to present receipts and check stubs. (*Id.* at 9). She asserts that NRS § 17.115 does not allow an award of attorneys' fees in this action because it conflicts with Fed. R. Civ. P. 68. (*Id.* at 5-6). She asserts that her actions were not unreasonable or vexatious and that no attorneys' fees are warranted under 28 U.S.C. § 1927 or NRS § 18.010(2)(b). (*Id.* at 6-9).

In reply, Defendant asserts that Plaintiff was not the prevailing party on the breach of contract claim because that claim was not sent to a jury and there was no verdict. (Reply to Mot. for Att'y Fees (#270) at 3-4). Defendant argues that Plaintiff does not dispute the costs incurred by Defendant because she only states that it should be supported by the necessary documentation. (*Id.* at 5). Defendant notes that Plaintiff does not dispute that an award of costs and fees should be imputed to UMC. (*Id.* at 10).

### A.   Costs

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of this rule, a "party in whose favor judgment is rendered is generally the prevailing party for purposes" of this rule. *d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977). Rule 54 defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Nevada Revised Statute § 18.020 states that "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered . . . In an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500." NRS § 18.020(3).

In this case, the Court entered a judgment on jury verdict in favor of Defendant. (Judgment (#256)). However, the Court also granted Plaintiff's motion for a directed verdict on the breach of contract claim for $15,000. (Minutes (#241) at 2). Therefore, both parties prevailed in this action. Accordingly, the Court denies costs to both parties.

### B.   Attorneys' Fees under Offer of Judgment Rule

Under Federal Rule of Civil Procedure 68, a party defending a claim may serve on an

5

opposing party, at least 14 days before a date set for trial, an offer to allow judgment on specified terms, with the costs then accrued. Fed. R. Civ. P. 68(a). If the offeree rejects the offer and the "judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Nevada has a similar "offer of judgment" rule but provides that if the party who rejects an offer of judgment fails to obtain a more favorable judgment, the court "may order the party" to pay the offering party "[r]easonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment." NRS § 17.115(4)(d)(3).

In diversity cases, the court applies federal law if the law is procedural and state law if the law is substantive. *Walsh v. Kelly*, 203 F.R.D. 597, 598 (D. Nev. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). If the two rules conflict, the federal rule applies if it is "sufficiently broad to control an issue." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 471-72, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). "Statutes allowing for recovery of attorney's fees are considered substantive for *Erie* purposes" and "will be applied in diversity cases unless they conflict with a valid federal statute or procedural rule." *Id.*

In *Walsh*, a plaintiff received a judgment which was less than the offer of judgment made by the defendants. *Id.* at 599. That court addressed whether NRS § 17.115 conflicted with Fed. R. Civ. P. 68 because the Nevada statute provided for both costs and attorneys' fees while the federal rule only provided for costs. *Id.* at 600. The court determined that Fed. R. Civ. P. 68 was sufficiently broad to cover the point in dispute–offer of judgment rules. *Id.* The court found that the award of attorneys' fees in NRS § 17.115 conflicted with Fed. R. Civ. P. 68. *Id.* The court concluded that Fed. R. Civ. P. 68 applied and defendants could not recover attorneys' fees based on their rejected offer of judgment. *Id.* at 601.

Accordingly, the Court finds that Defendant is not entitled to attorneys' fees under NRS § 17.115.

///

### C. Attorneys' Fees under NRS § 18.010

Under Nevada Revised Statute § 18.010(2), a court may make allowance of attorney's fees to a prevailing party "when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b). "The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." *Id.* "It is the intent of the [Nevada] Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses." *Id.*

As noted above, the Court finds that both parties prevailed and, therefore, denies an award of attorneys' fees under this statute.

### D. Attorneys' Fees under 28 U.S.C. § 1927 & Inherent Power

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under this section "must be supported by a finding of subjective bad faith." *In re Keegan Mgmt., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* Additionally, a "district court has inherent power to award attorney's fees for bad faith conduct." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1220 (9th Cir. 2003).

The Court makes no finding of bad faith and, therefore, denies an award of attorneys' fees under § 1927 and its inherent power. Accordingly, the Court DENIES Defendant's motion for costs and attorneys' fees (#252).

///

///

7

### III. Plaintiff's Motion for Judgment Notwithstanding the Verdict and for a New Trial (#261, 262)[1]

#### A. Motion for Judgment Notwithstanding the Verdict (#261)

Plaintiff argues for a judgment notwithstanding the verdict because Defendant "failed to present any evidence whatsoever that its conduct met the industry standards as they relate to good faith and fair dealing and the unfair claims practices act." (Mot. for JNOV (#261) at 2). Plaintiff asserts that Defendant only presented evidence that it had met its own "best claims practices" but made no attempt to present evidence that its "best claims practices" met industry standards. (*Id.* at 2-3). He asserts that the verdict is contrary "to the only reasonable conclusion that could have been reached in light of the evidence." (*Id.* at 4).

Defendant responds that Plaintiff cannot seek a judgment notwithstanding the verdict because Plaintiff failed to move for judgment as a matter of law at trial on her bad faith and NRS § 686A.310 claims. (Resp. to Mot. for JNOV (#273) at 4). Defendant lists evidence presented at trial that demonstrates that it handled Plaintiff's underlying claim in a reasonable manner. (*Id.* at 4-5).

Plaintiff replies that she did move for a directed verdict at the close of the case. (Reply to Mot. for JNOV (#276) at 2).

Pursuant to Fed. R. Civ. P. 50(a), "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury." Fed. R. Civ. P. 50(b). A movant may file a renewed motion for judgment as a matter of law or a request for a new trial no later than 28 days after the jury was discharged. *Id.* In ruling on the renewed motion, a court may allow the judgment on the jury verdict, order a new trial, or direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(1)-(3).

---

[1] The docket entries for these motions are identical. (*See generally* Docket Sheet #261, 262).

8

The Ninth Circuit has held that "[b]ecause it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion. Thus, a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'" *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

In this case, the trial took place between November 5, 2010, and November 11, 2010. (*See* Docket Sheet #237-38, 240-42). The parties did not have the trial transcribed. (*See generally* Docket Sheet). The trial minutes from November 10, 2010, state that the Court denied Defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). (Minutes (#241) at 2). The minutes also state that the Court granted Plaintiff's motion for a directed verdict on the breach of contract claim for $15,000. (*Id.*).

In this case, Plaintiff only moved for a Rule 50(a) directed verdict on the breach of contract claim and did not seek a directed verdict on the other claims. Therefore, Plaintiff cannot seek a directed verdict on those claims now. Accordingly, the Court denies Plaintiff's Rule 50(b) Motion for Judgment Notwithstanding the Verdict (#261).

### B. Motion for a New Trial (#262)

Plaintiff argues that she is entitled to a new trial because defense counsel repeatedly made improper arguments at trial. (Mot. for New Trial (#262) at 6). Specifically, Plaintiff asserts that Defendant should not have been able to make arguments about Plaintiff's underlying motives in pursuing the claim because those arguments are irrelevant and tainted the trial. (*Id.* at 7-9). Plaintiff argues that the Nevada Supreme Court has held that such arguments are irrelevant in *Allstate Ins. v. Miller*, 212 P.3d 318 (Nev. 2009). (*Id.* at 7, 9). Plaintiff also asserts that defense counsel violated the golden rule argument in both opening and closing by telling the jury to "put yourself in the shoes of the insurance company" and "If you had a claim would you want Michelle Minor handling it? I know I would." (*Id.* at 10-11). Plaintiff argues that defense counsel introduced impermissible evidence regarding Keith Edwards' religion. (*Id.* at 11-12). Plaintiff contends that this Court issued an inaccurate description of an insurance company's duties because there is no authority stating that an

insurance carrier does not have a duty to pay a claim prior to a demand being made. (*Id.* at 13). Plaintiff alleges that Michelle Minor's crying during her testimony tainted the jury verdict. (*Id.* at 16). Plaintiff contends that it should have been able to put Brad Ballard, UMC's former counsel, on the stand to refute Defendant's claim that Plaintiff was trying to set them up. (*Id.*).

In response, Defendant argues that it did not engage in any attorney misconduct during the trial and that, if it did, it was minor. (Resp. to Mot. for New Trial (#273) at 8). Defendant argues that it complied with the Court's ruling that it could present evidence of what Plaintiff and her counsel said and did and could argue the reasonable inferences from that evidence. (*Id.* at 10-11). Defendant acknowledges that during opening arguments it asked the jury to consider the position Michelle Minor was placed in and during closing asked the jury whether they wanted Minor adjusting their claim. (*Id.* at 14). Defendant argues that these statements did not violate the golden rule and that Plaintiff failed to object to either statement at trial. (*Id.*). Defendant admits that it referenced Keith Edwards' religion but argues that, at trial, the Court issued an instruction to the jury to disregard such evidence. (*Id.* at 16). Defendant asserts that there is no duty in Nevada for an insurance company to pay a claim before a demand is made. (*Id.* at 17).

Pursuant to Fed. R. Civ. P. 59(a), a court, on motion, may grant a new trial on all or some of the issues to any party after a jury trial, "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A court may grant a motion for a new trial based on grounds that have been historically recognized. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* The trial court may grant a new trial "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id.* In order to have a new trial based on attorney misconduct, "the 'flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Kehr v. Smith*

*Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984).

In this case, Plaintiff has failed to demonstrate that any misconduct on behalf of Defendant's counsel sufficiently permeated the entire trial such that the jury was influenced by passion and prejudice in reaching its verdict. First, even if Defendant's counsel did make an improper golden rule argument during opening and closing, the argument was isolated to one statement at opening and one statement at closing. Moreover, Plaintiff did not make any objections to those statements. Second, the Court sustained Plaintiff's objection to the Keith Edwards' religion reference and issued a limiting instruction. Third, *Allstate* does not stand for the proposition that motives of the underlying claimant or attorney are irrelevant in an action for bad faith. Instead, the Nevada Supreme Court, in a footnote, simply listed several arguments made by the insurance company, including "whether the district court improperly excluded Allstate's evidence regarding [plaintiff's] attorney's motive" and noted that the listed issues were "without merit." *Allstate*, 212 P.3d at 334. Fourth, NRS § 686A.310(1)(e) does not state that an insurance carrier has a duty to pay a claim prior to a demand but instead states that the carrier must effectuate prompt settlements when the "liability of the insurer has become reasonably clear." *See* NRS § 686A.310(1)(e). Accordingly, Plaintiff has failed to demonstrate that attorney misconduct permeated the entire trial, and the Court denies the motion for a new trial (#262).

**IV.    Defendant's Motion to Interplead Funds and Motion for $15,000 Offset Against Costs Owed to CCIE by Plaintiff (#264)**

Defendant seeks an order permitting it to interplead the $15,000 insurance policy limit owed to Plaintiff and an order that the $15,000 be returned to Defendant as an offset against the total costs owed to Defendant. (Mot. to Interplead Funds (#264) at 1). Defendant asserts that Fed. R. Civ. P. 22 permits the court to order an interpleader of funds where two or more parties claim an adverse interest in the entitlement to those funds. (*Id.* at 3). Defendant asserts that both the estate of Fatu Taputu and UMC claim an interest in the $15,000 because UMC is a creditor of the estate. (*Id.*). Defendant asserts that it is a creditor of the estate because it is entitled to costs as the prevailing party in this lawsuit. (*Id.*).

1  In response, Plaintiff objects to the motion to interplead the funds because it has not
2  been paid the policy limit and Defendant never told the Court that it was going to file such a
3  motion.  (Resp. to Mot. to Interplead (#272) at 2).  Plaintiff seeks sanctions.  (*Id.*).  Plaintiff
4  does not object to Defendant's request for an offset.  (*See id.*).

5  In reply, Defendant asserts that it has issued the check for $15,000.  (Reply to Mot. to
6  Interplead (#274) at 3).

7  Federal Rule of Civil Procedure 22 states that persons with claims that may expose a
8  defendant to double or multiple liability may be joined as defendants and required to
9  interplead.  Fed. R. Civ. P. 22(a)(1)-(2).  Pursuant to 28 U.S.C. § 1335(a), the "district courts
10 shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm,
11 or corporation, association, or society . . . providing for the delivery or payment . . . of money
12 or property of such amount or value [of $500 or more], or being under any obligation written
13 or unwritten to the amount of $500 or more" if the adverse claimants have diversity and are
14 claiming to be entitled to such money.  28 U.S.C. § 1335(a)(1).

15 In this case, the Court denies Defendant's motion for a $15,000 offset (#264) and
16 orders Defendant to issue Plaintiff a check for $15,000.  Additionally, the Court denies
17 Defendant's motion to interplead (#264).

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

12

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Attorney Fees and Costs (#187) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Attorney's Fees and Costs (#252) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment Notwithstanding the Verdict (#261) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a New Trial (#262) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Interplead Funds and Motion for $15,000 Offset Against Costs Owed to CCIE by Plaintiff (#264) is DENIED.

DATED: This 5th day of July, 2011.

_____
United States District Judge