

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CINDY CHARYLULU, as Special Administratix for the Estate of FATU TAPUTU,

    Plaintiff,

v.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE, and DOES I through V, inclusive, ROE CORPORATIONS I through V,

    Defendants.

2:08-cv-1199-RCJ-RJJ

**ORDER**

This case is on partial remand from the U.S. Court of Appeals for the Ninth Circuit. (Ninth Cir. Op. (#313) at 5-6).

**BACKGROUND**

Christopher Ramirez and Kamila Pasina, as the Special Administrator of the Estate of Fatu Taputu, brought a claim against Defendant California Casualty Indemnity Exchange for breach of contract, insurance bad faith, and other theories of recovery for the manner in which Defendant handled a claim for personal injuries stemming from an automobile accident which occurred on June 21, 2004. Tricia Maldonado, who had a personal liability policy with Defendant insurance company, gave Christopher Ramirez permission to drive her car. While driving her car, he struck Fatu Taputu as he was walking on the side of the road. Taputu suffered fatal injuries and his heirs submitted a claim under the liability portions of Defendant's policy for the vehicle. Pasina, on behalf of Taputu's estate, submitted a claim with the Defendant and also filed against Ramirez for negligence, and against Tricia Maldonado for negligent entrustment. The case against Ramirez was resolved in a stipulated judgment for

$1.2 million, not involving Defendant. The case against Maldonado was resolved by a jury trial in which the jury found in favor of Maldonado. Ramirez pled guilty when criminal charges were brought against him for driving under the influence and or being under control of a vehicle resulting in substantial bodily harm. The Court dismissed Ramirez from the lawsuit.

On September 17, 2010, the Court granted Plaintiff's motion to amend caption and change the Special Administrator of the Estate of Fatu Taputu to Cindy Charyulu ("Plaintiff"). (Minutes (#186); Motion to Amend Caption (#148)). A five-day jury trial commenced on November 5, 2010. (*See* Minutes (#237)). The jury found in favor of Defendant. (*See* Jury Verdict (#246)).

After trial, this Court denied both Plaintiff's and Defendant's motions for attorneys' fees and costs. (*See* Order (#284) at 1, 13). On appeal, Defendant cross-appealed the denial of costs under Federal Rules of Civil Procedure 54 and 68. (*See* Ninth Cir. Op. (#313) at 4). The Ninth Circuit held the following:

> Rule 68 provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." A party's pre-offer costs are only considered "if [costs] are awarded." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1020 (9th Cir. 2003). Under Rule 54, a prevailing party is entitled to costs, other than attorneys' fees, unless a federal statute, rule, or court order provides otherwise.
> As a result of this trial, Plaintiff received a $15,000 judgment, representing the insurance proceeds due on its breach of contract claim. The insurance company had offered to settle the case before trial for $50,000, an amount well above Plaintiff's recovery. The district court erroneously credited Plaintiff's argument that it had expended $36,000 in costs to conclude that Plaintiff's costs, coupled with the recovery, exceeded the offer of settlement. The district court never awarded Plaintiff costs, so pre-offer costs should not be included in valuing the judgment. For Rule 68 purposes Plaintiff only received $15,000, and therefore the defendant was entitled to costs.

(*Id.* at 4-5). The Ninth Circuit vacated the order denying costs under Rule 68 and remanded the case back to this Court for a determination of post-Rule 68 judgment offer costs. (*Id.* at 6).

## DISCUSSION

Under Federal Rule of Civil Procedure 68, a party defending a claim may serve on an opposing party, at least 14 days before a date set for trial, an offer to allow judgment on specified terms, with the costs then accrued. Fed. R. Civ. P. 68(a). If the offeree rejects the

offer and the "judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Nevada has a similar "offer of judgment" rule but provides that if the party who rejects an offer of judgment fails to obtain a more favorable judgment, the court "may order the party" to pay the offering party "[r]easonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment." NRS § 17.115(4)(d)(3).

In diversity cases, the court applies federal law if the law is procedural and state law if the law is substantive. *Walsh v. Kelly*, 203 F.R.D. 597, 598 (D. Nev. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). If the two rules conflict, the federal rule applies if it is "sufficiently broad to control an issue." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 471-72, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). "Statutes allowing for recovery of attorney's fees are considered substantive for *Erie* purposes" and "will be applied in diversity cases unless they conflict with a valid federal statute or procedural rule." *Id.*

In *Walsh*, a plaintiff received a judgment which was less than the offer of judgment made by the defendants. *Id.* at 599. That court addressed whether NRS § 17.115 conflicted with Fed. R. Civ. P. 68 because the Nevada statute provided for both costs and attorneys' fees while the federal rule only provided for costs. *Id.* at 600. The court determined that Fed. R. Civ. P. 68 was sufficiently broad to cover the point in dispute–offer of judgment rules. *Id.* The court found that the award of attorneys' fees in NRS § 17.115 conflicted with Fed. R. Civ. P. 68. *Id.* The court concluded that Fed. R. Civ. P. 68 applied and defendants could not recover attorneys' fees based on their rejected offer of judgment. *Id.* at 601.

In this case, trial was set for November 5, 2010. (*See* Docket Sheet #237). Defendant served Plaintiff an offer of judgment for $50,000 on September 10, 2010. (*See* Exh. B (#252-3) at 1, 3). The offer of judgment stated that the offer intended to "be in the total, maximum amount of [$50,000] and that no further costs, pre-judgment interest or attorney's fees are to be added . . . since the offer includes the same." (*Id.* at 1-2). Plaintiff rejected the

3

offer. (*See* Mot. for Att'y Fees (#252) at 3). On November 11, 2010, the jury found that Defendant neither violated the Nevada Unfair Trade Practices Act with respect to Plaintiff nor violated its duty of good faith and fair dealing with Plaintiff. (*See* Jury Verdict (#246) at 2). The jury found that Plaintiff was entitled to recover nothing. (*See id.* at 3).

Here, *Walsh* directly applies to the facts of this case because Plaintiff did not receive a judgment that was more favorable than the unaccepted offer. Accordingly, Defendant is entitled to costs incurred after the offer was made, but is not entitled to attorneys' fees under NRS § 17.115. Defendant asserts that it incurred costs in the amount of $7,549.70 after September 10, 2010. (*See* Mot. for Att'y Fees (#252) at 6). The Court now grants costs in that amount.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant is GRANTED costs in the amount of $7,549.70.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 17th day of May, 2013.

_____
United States District Judge